# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION AT CHATTANOOGA

| | |
|---|---|
| SAMUEL SCOTT MINTON, <br><br> Plaintiff, <br><br> -against- <br><br> BRADLEY COUNTY, TENNESSEE; ANTHONY BENEFIELD; WILLIAM BURTT; and DANIEL GILLEY, <br><br> Defendants. | No. 1:25-cv-00367-TRM-MJD <br><br> **MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE** |

Plaintiff Samuel Scott Minton, by and through his undersigned counsel, hereby moves the Court for a 90-day extension of the time to complete service of the Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Samuel Scott Minton commenced this action by filing the Complaint on December 9, 2025. ECF No. 1. Pursuant to Federal Rule of Civil Procedure 4(m), the deadline for Plaintiff to serve all defendants, including Defendant Anthony Benefield—is 90 days thereafter, *i.e.*, March 9, 2025. On January 15, 2026—after the Complaint was filed, but before Defendant Benefield was served—Defendant Benefield died. *See* ECF No. 25 (Suggestion of Death); ECF No. 26-1, Ex. A (A. Benefield Obituary).[1]

---

[1] Plaintiff has successfully served the other Defendants in this action, Bradley County, Tennessee, Daniel Gilley, and William Burtt. *See* ECF No. 17 (Summons Return – Bradley County, Tennessee); ECF No. 18 (Summons Return – Daniel Gilley); ECF No. 24 (Summons Return – William Burtt).

Federal Rule of Civil Procedure 17(b)(3) provides that "the law of the state where the court is located" governs the capacity of representative parties, such as the executor or administrator of a decedent's estate, to sue and be sued. Under Tennessee law, claims against Defendant Benefield's estate cannot proceed until a personal representative has been granted letters of administration or letters testamentary. Tenn. Code Ann. § 30-1-101 ("No person shall presume to enter upon the administration of any deceased person's estate until the person has obtained letters of administration or letters testamentary.").

Since Mr. Benefield's death, Plaintiff's counsel has made periodic inquiries with the Bradley County Chancery Court (most recently on the date of this filing, March 5, 2026), which hears probate matters arising in Bradley County (where Mr. Benefield resided at the time of his death), to determine whether (i) an estate has been opened; (ii) an executor, administrator, or personal representative has been appointed for Mr. Benefield's estate; and/or (iii) letters testamentary or letters of administration have been submitted or issued. *See* ECF No. 26-2, Decl. of Katelyn Murdock Pursuant to 28 U.S.C. § 1746 ("Murdock Decl.") ¶ 5. To date, no estate has been opened, no petition for the appointment of an executor or administrator of Mr. Benefield's estate has been filed, and no letters testamentary or letters of administration have been submitted or issued. *Id.* ¶ 6.

Accordingly, Plaintiff is presently undertaking to commence proceedings in the Bradley County Chancery Court for appointment of an administrator *ad litem* to serve as the defendant in this lawsuit ("Appointment Action") pursuant to Tennessee Code Annotated § 30-1-109 (granting power to chancery courts to appoint an administrator *ad*

2

*litem* of a decedent's estate for a "particular proceeding" in which "the estate of a deceased person must be represented").

However, before Plaintiff can serve said administrator *ad litem*, (a) the Bradley County Chancery Court must appoint that administrator *ad litem* in the Appointment Action; and (b) once it has done so, Plaintiff must thereafter (i) move this Court to substitute that administrator *ad litem* as party defendant in place of Mr. Benefield, and (ii) assuming that motion is granted, thereafter submit the corresponding order (a "revivor order" for purposes of Tennessee Code Annotated section 30-2-320, discussed *infra*) in the Appointment Action.

## THE COURT SHOULD EXTEND THE TIME FOR PLAINTIFF TO EFFECTUATE SERVICE TO ALLOW FOR APPOINTMENT OF A PERSONAL REPRESENTATIVE FOR DEFENDANT BENEFIELD'S ESTATE AND SUBSTITUTION OF THE APPROPRIATE PARTY

Under Federal Rule of Civil Procedure 4(m), the deadline to complete service "must" be extended "if the plaintiff shows good cause" for his inability to serve a defendant within 90 days. "Generally, 'good cause' means 'a reasonable, diligent effort to timely effect service of process.'" *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004)).

Here, there is plainly good cause for the requested extension. Obviously, Defendant Benefield's death was a circumstance beyond Plaintiff's control. Where "a party dies and the claim is not extinguished," substitution of a proper party is necessary before the claims against the decedent can proceed. Fed. R. Civ. P. 25(a)(1). Here, neither Plaintiff's federal nor state-law claims against Mr. Benefield abated upon his death. *See* Tenn. Code Ann. §§ 20-5-101 ("Actions do not abate by the death . . . of either party . . . if the cause of action survives or continues."); 20-5-102 ("No civil action commenced,

3

whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived."); 30-2-320 ("All actions pending against any person at the time of that person's death, that by law may survive against the personal representative, shall be considered demands legally filed against the estate at the time of the filing with the clerk of the court in which the estate is being administered of a copy in duplicate of the order of revivor . . . ."); *see also Medrano v. MCDR, Inc.*, 366 F. Supp. 2d 625, 635 (W.D. Tenn. 2005) (same for federal claims under 42 U.S.C. § 1983); *cf. Robertson v. Wegmann*, 436 U.S. 584, 589 (1978) (holding that state statutory law "provides the principal reference point in determining survival of civil rights actions"). Thus, Plaintiff must substitute an appropriate representative of Mr. Benefield's estate in order to prosecute his claims against Mr. Benefield. *See* Fed. R. Civ. P. 17(b)(3), 25(a); Tenn. Code Ann. §§ 20-5-102, 30-1-101, 30-2-320.

Accordingly, Plaintiff diligently sought to determine whether a personal representative had sought or been granted letters testamentary or letters of administration. Murdock Decl. ¶¶ 5-6. Having determined that no such proceeding is underway in the Bradley County Chancery Court, Plaintiff is in the process of commencing the Appointment Action, which will seek appointment of an administrator *ad litem* pursuant to Tennessee Code Annotated section 30-1-109. *Id.* ¶ 7.[2]

---

[2] In the absence of an application for letters testamentary or letters of administration filed by Mr. Benefield's named executor, surviving spouse, or next of kin, the only other potential avenue available to Mr. Minton for proceeding against Mr. Benefield's estate would be through a petition to create an estate under Tennessee Code Annotated section 30-1-301, but such a proceeding could not commence until six months following Mr. Benefield's death, *i.e.*, July 15, 2026. *See* Tenn. Code Ann. § 30-1-301 ("The chancery court of the county in which any person resided at the time of the decedent's death, or in which the decedent's estate, goods, and chattels or effects were at the time of the

4

Case 1:25-cv-00367-TRM-MJD   Document 26   Filed 03/05/26   Page 4 of 7   PageID #: 88

Until a proper representative of Defendant Benefield's estate is appointed, there is no one for Plaintiff to serve. *See* Tenn. Code Ann. §§ 20-5-102, 30-2-320; *see also Sloan v. Overton*, No. 08-2571-JAR-DRW, 2010 WL 398108, at *2 (D. Kan. Jan. 25, 2010) ("If an action was commenced by the filing of a complaint but a party named in the complaint dies . . . before being served with process, substitution is available, but, as in any instance of substitution, process must be served on the new party to acquire in personam jurisdiction." (quoting 7C Wright & Miller's Federal Practice & Procedure § 1951 (3d ed. 2007))).

Accordingly, Plaintiff respectfully requests that the Court extend Plaintiff's deadline to complete service of the Complaint for 90 days, to June 8, 2026, to allow Plaintiff to (i) obtain the appointment of an administrator *ad litem* for cause of action only to create a limited-purpose estate for Mr. Benefield, (ii) move this Court to substitute the administrator *ad litem* of that limited-purpose estate as a defendant in this action, (iii) file a copy of this Court's order granting substitution, if any, in Bradley County Chancery Court pursuant to Tennessee Code Annotated section 30-2-320, and (iv) serve the administrator *ad litem* with process.

Dated: March 5, 2026.  Respectfully submitted,

By: /s/ David Lebowitz
David Lebowitz (admitted *pro hac vice*)
Alanna Kaufman (admitted *pro hac vice*)
KAUFMAN LIEB LEBOWITZ & FRICK LLP
18 E. 48th Street, Suite 802
New York, New York 10017

---

decedent's death, may appoint an administrator when six (6) months have elapsed from the death, and no person will apply or can be procured to administer on the decedent's estate.").

5

Telephone: (212) 660-2332
dlebowitz@kllflaw.com
akaufman@kllflaw.com

By: /s/ Joseph Alan Jackson II
Joseph Alan Jackson II, BPR No. 030203
Katelyn Elizabeth Murdock, BPR No. 042409
(applications for permanent regular admission and admission *pro hac vice* forthcoming)
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
P. O. Box 1749
601 Market Street, Suite 400
Chattanooga, Tennessee 37402
Telephone: (423) 756-7000
Facsimile: (423) 756-4801
jaj@smrw.com
kem@smrw.com

*Counsel for Samuel Scott Minton*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: /s/ Joseph Alan Jackson II