# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| SAMUEL SCOTT MINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:25-cv-00367 |
| | ) | |
| BRADLEY COUNTY, TENNESSEE, | ) | **JURY DEMAND – MAXIMUM** |
| TRAVIS HENRY, ESQ., as Administrator | ) | **NUMBER OF JURORS** |
| *ad litem* of THE ESTATE OF ANTHONY | ) | |
| BENEFIELD,WILLIAM BURTT, & | ) | |
| DANIEL GILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Comes Bradley County, Tennessee, William Burtt, Daniel Gilley, and Travis Henry, Administrator *ad litem* of the Estate of Anthony Benefield (hereinafter referred to as "Defendants" unless otherwise specifically identified), by and through undersigned counsel, and files with the court their Answer to Plaintiff's Amended Complaint as follows:

In response to the individual allegations in Plaintiff's Amended Complaint, Defendant answers as follows:

### INTRODUCTION

1.      Defendants admit that this claim is brought as a civil rights action but specifically deny any wrongful prosecution or violation of the Plaintiff's civil rights as alleged in Paragraph 1 of the Amended Complaint.

2.      In response to Paragraph 2, Defendants admit that Plaintiff was indicted by a grand jury in January 1994 and convicted by a Bradley County Criminal Court Jury of Aggravated Rape,

Especially Aggravated Kidnapping, Especially Aggravated Robbery, Especially Aggravated Burglary, Theft over $1,000, and Conspiracy to Commit Aggravated Burglary. It is admitted that on or about December 10, 2024, an Order Granting Plaintiff's Petition for Post Conviction Relief was granted based upon newly discovered scientific evidence relating to the identification of Plaintiff and the statement given by Plaintiff to law enforcement on November 2, 1993. Any remaining allegations or assertions set forth in paragraph 2 of the Amended Complaint are hereby denied.

3. The allegations in Paragraph 3 are denied.

4. The allegations in Paragraph 4 are denied.

5. The allegations in Paragraph 5 are denied.

6. The allegations in Paragraph 6 are denied.

**PARTIES**

7. The allegations in Paragraph 7 are directed to another party and no response is required of these Defendants.

8. Regarding the allegations in Paragraph 8 of the Amended Complaint, Bradley County admits that it is a governmental entity organized and existing under the laws of the state of Tennessee.

9. Regarding the allegations of Paragraph 9, it is admitted that Travis Henry has been appointed by the Bradley County Chancery Court to serve as the administrator *ad litem* for the estate of Anthony Benefield. It is further admitted that Anthony Benefield was an employee of the Bradley County Sheriff's Office at the time of the Plaintiff's arrest, indictment, and conviction. Any remaining allegations or assertions set forth in paragraph 9 of the Amended Complaint are hereby denied.

10. Regarding the allegations of Paragraph 10, it is admitted that Defendant William Burtt was an employee of the Bradley County Sheriff's Office at the time of the Plaintiff's arrest, indictment, and conviction. Any remaining allegations or assertions set forth in paragraph 10 of the Amended Complaint are hereby denied.

11. Regarding the allegations of Paragraph 11, it is admitted that Defendant Daniel Gilley was the duly elected Bradley County Sheriff at the time of the Plaintiff's arrest, indictment, and conviction and that he was subject to the statutory duties and responsibilities of a duly elected Sheriff during the times he held said office.

## JURISDICTION AND VENUE

12. Regarding the allegations in Paragraph 12 of the Amended Complaint, it is admitted that jurisdiction is proper in this Court. Any remaining allegations or assertions contained in Paragraph 12 of the Amended Complaint are denied.

13. Regarding the allegations in Paragraph 13 of the Amended Complaint, it is admitted that venue is proper in this Court. Any remaining allegations or assertions contained in Paragraph 13 of the Amended Complaint are denied.

## JURY DEMAND

14. Regarding the allegations in Paragraph 14 of the Amended Complaint, it is admitted that Plaintiff demanded a trial by jury.

## FACTUAL ALLEGATIONS

15. Regarding the allegations in Paragraph 15 of the Amended Complaint, Defendants admit that any previous testimony or statements of Mr. Lonnie Lynn speak for themselves and should be considered in their entirety. Defendants have no information or knowledge regarding

any impressions or opinions formed by Mr. Lynn in October of 1993. Any remaining allegations or assertions of Paragraph 15 are denied.

16. Regarding the allegations in Paragraph 16 of the Amended Complaint, Defendants admit that any previous testimony or statements of Mr. Lonnie Lynn speak for themselves and should be considered in their entirety. Defendants have no information or knowledge regarding any impressions or opinions formed by Mr. Lynn in October of 1993. Any remaining allegations or assertions of Paragraph 16 are denied.

17. Regarding the allegations in Paragraph 17 of the Amended Complaint, Defendants admit that any previous testimony or statements of Mr. Lonnie Lynn speak for themselves and should be considered in their entirety. Defendants have no information or knowledge regarding any impressions or opinions formed by Mr. Lynn in October of 1993. Any remaining allegations or assertions of Paragraph 17 are denied.

18. Regarding the allegations in Paragraph 18 of the Amended Complaint, Defendants admit that any previous testimony or statements of Deputy Roxanne Blackwell speak for themselves and should be considered in their entirety. It is admitted that Deputy Roxanne Blackwell of the Bradley County Sheriff's Office testified at the trial of Plaintiff that when she arrived at the residence located at 4717 Benton Pike she found Ms. Watson on the floor covered in a blanket. She had been shot through the left leg, and there were visible burns on her face, check and buttocks. Any remaining allegations or assertions of Paragraph 18 are denied.

19. Regarding the allegations in Paragraph 19 of the Amended Complaint, Defendants admit that any previous testimony or statements of Deputy Roxanne Blackwell speak for themselves and should be considered in their entirety. It is admitted that Deputy Roxanne Blackwell of the Bradley County Sheriff's Office testified at the trial of Plaintiff that when she

arrived at the residence located at 4717 Benton Pike she found Ms. Watson on the floor covered in a blanket. She had been shot through the left leg, and there were visible burns on her face, check and buttocks. Any remaining allegations or assertions of Paragraph 19 are denied.

20. Regarding the allegations in Paragraph 20 of the Amended Complaint, Defendants admit that any previous testimony or statements of Deputy Roxanne Blackwell speak for themselves and should be considered in their entirety. It is admitted that Deputy Roxanne Blackwell of the Bradley County Sheriff's Office responded to the residence located at 4717 Benton Pike where she found Ms. Watson on the floor covered in a blanket. Any remaining allegations or assertions of Paragraph 20 are denied.

21. Regarding the allegations in Paragraph 21 of the Amended Complaint, it is admitted that Detective Robert Hyden was an employee of the Bradley County Sheriff's Office and that he provided trial testimony about his involvement in the case regarding Plaintiff. It is asserted by Defendants that any previous testimony or statements of Robert Hyden speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 20 are denied.

22. Regarding the allegations in Paragraph 22 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 22 are denied.

23. Regarding the allegations in Paragraph 23 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 23 are denied.

24. Regarding the allegations in Paragraph 24 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 24 are denied.

25. Regarding the allegations in Paragraph 25 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 25 are denied.

26. Regarding the allegations in Paragraph 26 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 26 are denied.

27. Regarding the allegations in Paragraph 27 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 27 are denied.

28. Regarding the allegations in Paragraph 28 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 28 are denied.

29. Regarding the allegations in Paragraph 29 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves

and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 29 are denied.

30. Regarding the allegations in Paragraph 30 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 30 are denied.

31. Regarding the allegations in Paragraph 31 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 31 are denied.

32. Regarding the allegations in Paragraph 32 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 32 are denied.

33. Regarding the allegations in Paragraph 33 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 33 are denied.

34. Regarding the allegations in Paragraph 34 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 34 are denied.

35. Regarding the allegations in Paragraph 35 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 35 are denied.

36. Regarding the allegations in Paragraph 36 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 36 are denied.

37. Regarding the allegations in Paragraph 37 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Further, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 37 are denied.

38. Regarding the allegations in Paragraph 38 of the Amended Complaint, Defendants admit that Shannon Blaylock was a person of interest in the investigation of the crimes committed against Ms. Leslie Faye Watson. Regarding the remaining allegations in Paragraph 38, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 38 are denied.

39. The allegations in Paragraph 39 of the Amended Complaint are denied.

40. Regarding the allegations in Paragraph 40 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson, Deputy Blackwell and Robert Hyden speak for themselves and should be considered in their entirety. Further,

Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 40 are denied.

41. Regarding the allegations in Paragraph 41 of the Amended Complaint, Defendants admit that Shannon Blaylock was a person of interest in the investigation of the crimes committed against Ms. Leslie Faye Watson. Regarding the remaining allegations in Paragraph 41, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 41 are denied.

42. Regarding the allegations in Paragraph 42 of the Amended Complaint, Defendants admit that Shannon Blaylock was a person of interest in the investigation of the crimes committed against Ms. Leslie Faye Watson. Regarding the remaining allegations in Paragraph 42, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 42 are denied.

43. Defendants lack information or knowledge as to the allegations of Paragraph 43 and for purposes of this Answer said allegations are denied.

44. Regarding the allegations in Paragraph 44 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 44 are denied.

45. Regarding the allegations in Paragraph 45 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at

the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 45 are denied.

46. Regarding the allegations in Paragraph 46 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 46 are denied.

47. Defendants lack information or knowledge as to the subjective allegation of Paragraph 43 and for purposes of this Answer said allegations are denied.

48. Defendants admit that Plaintiff was questioned by law enforcement and ultimately confessed to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 48 are denied.

49. Regarding the allegations in Paragraph 49 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 49 are denied.

50. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 50 are denied.

51. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 51 are denied.

52. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 52 are denied.

53. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 53 are denied.

54. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 54 are denied.

55. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 55 are denied.

56. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 56 are denied.

57. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in

the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 57 are denied.

58. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 58 are denied.

59. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 59 are denied.

60. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 60 are denied.

61. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 61 are denied.

62. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 62 are denied.

63. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 63 are denied.

64. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 64 are denied.

65. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 65 are denied.

66. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 66 are denied.

67. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 67 are denied.

68. Defendants admit that Plaintiff was questioned by law enforcement and that he provided statements regarding his whereabouts before ultimately confessing to his participation in

the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 58 are denied.

69. Regarding the allegations in Paragraph 69 of the Amended Complaint, Defendants admit that any previous testimony or statements of Susan Smith speak for themselves and should be considered in their entirety. Further, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 69 are denied.

70. Regarding the allegations in Paragraph 70 of the Amended Complaint, Defendants admit that any previous testimony or statements of Michael Minton speak for themselves and should be considered in their entirety. Further, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 70 are denied.

71. Regarding the allegations in Paragraph 71 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 71 are denied.

72. The allegations in Paragraph 72 of the Amended Complaint are denied.

73. The allegations in Paragraph 73 of the Amended Complaint are denied.

74. Regarding the allegations in Paragraph 74 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 74 are denied.

75. The allegations in Paragraph 75 of the Amended Complaint are denied.

76. Regarding the allegations in Paragraph 76 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 76 are denied.

77. The allegations in Paragraph 77 of the Amended Complaint are denied.

78. The allegations in Paragraph 78 of the Amended Complaint are denied.

79. The allegations in Paragraph 79 of the Amended Complaint are denied.

80. The allegations in Paragraph 80 of the Amended Complaint are denied.

81. The allegations in Paragraph 81 of the Amended Complaint are denied.

82. The allegations in Paragraph 82 of the Amended Complaint are denied.

83. Regarding the allegations in Paragraph 83 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 83 are denied.

84. The allegations in Paragraph 84 of the Amended Complaint are denied.

85. The allegations in Paragraph 85 of the Amended Complaint are denied.

86. The allegations in Paragraph 86 of the Amended Complaint are denied.

87. The allegations in Paragraph 87 of the Amended Complaint are denied.

88. The allegations in Paragraph 88 of the Amended Complaint are denied.

89. The allegations in Paragraph 89 of the Amended Complaint are denied.

90. Defendants lack information or knowledge as to the subjective feelings of Plaintiff as alleged in Paragraph 90 of the Amended Complaint and for purposes of this Answer said allegations are denied.

91. The allegations in Paragraph 91 of the Amended Complaint are denied.

92. The allegations in Paragraph 92 of the Amended Complaint are denied.

93. The allegations in Paragraph 93 of the Amended Complaint are denied.

94. Regarding the allegations in Paragraph 94 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 94 are denied.

95. The allegations in Paragraph 95 of the Amended Complaint are denied.

96. The allegations in Paragraph 96 of the Amended Complaint are denied.

97. The allegations in Paragraph 97 of the Amended Complaint are denied.

98. The allegations in Paragraph 98 of the Amended Complaint are denied.

99. The allegations in Paragraph 99 of the Amended Complaint are denied.

100. The allegations in Paragraph 100 of the Amended Complaint are denied.

101. The allegations in Paragraph 101 of the Amended Complaint are denied.

102. The allegations in Paragraph 102 of the Amended Complaint are denied.

103. The allegations in Paragraph 103 of the Amended Complaint are denied.

104. The allegations in Paragraph 104 of the Amended Complaint are denied.

105. The allegations in Paragraph 105 of the Amended Complaint are denied.

106. The allegations in Paragraph 106 of the Amended Complaint are denied.

107. The allegations in Paragraph 107 of the Amended Complaint are denied.

108. The allegations in Paragraph 108 of the Amended Complaint are denied.

109. Regarding the allegations in Paragraph 109 of the Amended Complaint, it is admitted that Plaintiff expressed emotion during law enforcement questioning. Any remaining allegations or assertions in Paragraph 109 are denied.

110. Regarding the allegations in Paragraph 110 of the Amended Complaint, it is admitted that Plaintiff, by and through his criminal trial counsel, sought to suppress his confession prior to the criminal trial. Any remaining allegations or assertions of Paragraph 110 are denied.

111. Regarding the allegations in Paragraph 111 of the Amended Complaint, it is admitted that Plaintiff remained incarcerated after confessing to his participation in the robbery and rape of Ms. Watson. Any remaining allegations or assertions of Paragraph 111 are denied.

112. The allegations in Paragraph 112 of the Amended Complaint are denied.

113. Regarding the allegations in Paragraph 113 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 113 are denied.

114. Regarding the allegations in Paragraph 114 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 114 are denied.

115. Regarding the allegations in Paragraph 115 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 115 are denied.

116. Regarding the allegations in Paragraph 116 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 116 are denied.

117. Regarding the allegations in Paragraph 117 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 117 are denied.

118. Regarding the allegations in Paragraph 118 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 118 are denied.

119. Regarding the allegations in Paragraph 119 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 119 are denied.

120. Regarding the allegations in Paragraph 120 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 120 are denied.

121. Regarding the allegations in Paragraph 121 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at

the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 121 are denied.

122. Regarding the allegations in Paragraph 122 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 122 are denied.

123. Regarding the allegations in Paragraph 123 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 123 are denied.

124. Regarding the allegations in Paragraph 124 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 124 are denied.

125. Regarding the allegations in Paragraph 125 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 125 are denied.

126. Regarding the allegations in Paragraph 126 of the Complain, Defendants admit that both a photographic array and a live lineup were used for identification of perpetrators of the robbery and rape of Ms. Watson. Defendants further assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for

themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 126 are denied.

127. Regarding the allegations in Paragraph 127 of the Complain, Defendants admit that both a photographic array and a live lineup were used for identification of perpetrators of the robbery and rape of Ms. Watson. Defendants further assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 127 are denied.

128. Regarding the allegations in Paragraph 128 of the Complain, Defendants admit that both a photographic array and a live lineup were used for identification of perpetrators of the robbery and rape of Ms. Watson. Defendants further assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 128 are denied.

129. Regarding the allegations in Paragraph 129 of the Complain, Defendants admit that both a photographic array and a live lineup were used for identification of perpetrators of the robbery and rape of Ms. Watson. Defendants further assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 129 are denied.

130. Regarding the allegations in Paragraph 130 of the Complain, Defendants admit that both a photographic array and a live lineup were used for identification of perpetrators of the robbery and rape of Ms. Watson. Defendants further assert that the Bradley County Sheriff's

Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 130 are denied.

131. Regarding the allegations in Paragraph 131, said allegations assert opinions regarding suspect identification procedures. Defendants deny that any actions taken by them during the investigation violated any policy, procedure or constitutional right of which a reasonable officer would have known in 1993. Any remaining allegations or assertions of Paragraph 131 are denied.

132. Regarding the allegations in Paragraph 132 of the Complain, Defendants admit that both a photographic array and a live lineup were used for identification of perpetrators of the robbery and rape of Ms. Watson. Defendants further assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 132 are denied.

133. Regarding the allegations in Paragraph 133 of the Complain, Defendants admit that both a photographic array and a live lineup were used for identification of perpetrators of the robbery and rape of Ms. Watson. Defendants further assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 133 are denied.

134. Regarding the allegations in Paragraph 134 of the Complain, Defendants admit that both a photographic array and a live lineup were used for identification of perpetrators of the robbery and rape of Ms. Watson. Defendants further assert that the Bradley County Sheriff's

Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 134 are denied.

135. Regarding the allegations in Paragraph 135 of the Complain, Defendants admit that both a photographic array and a live lineup were used for identification of perpetrators of the robbery and rape of Ms. Watson. Defendants further assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 135 are denied.

136. Regarding the allegations in Paragraph 136, said allegations assert opinions regarding suspect identification procedures. Defendants deny that any actions taken by them during the investigation violated any policy, procedure, or constitutional right of which a reasonable officer would have known in 1993. Any remaining allegations or assertions of Paragraph 136 are denied.

137. Regarding the allegations in Paragraph 137 of the Complain, Defendants admit that both a photographic array and a live lineup were used for identification of perpetrators of the robbery and rape of Ms. Watson. Defendants further assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 137 are denied.

138. The allegations in Paragraph 138 of the Amended Complaint are denied.

139. The allegations in Paragraph 139 of the Amended Complaint are denied.

140. The allegations in Paragraph 140 of the Amended Complaint are denied.

141. The allegations in Paragraph 141 of the Amended Complaint are denied.

142. The allegations in Paragraph 142 of the Amended Complaint are denied.

143. The allegations in Paragraph 143 of the Amended Complaint are denied.

144. The allegations in Paragraph 144 of the Amended Complaint are denied.

145. The allegations in Paragraph 145 of the Amended Complaint are denied.

146. Regarding the allegations in Paragraph 146 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 146 are denied.

147. Regarding the allegations in Paragraph 147 of the Amended Complaint, Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 147 are denied.

148. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 148 are denied.

149. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 149 are denied.

150. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's

witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 150 are denied.

151. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 151 are denied.

152. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 152 are denied.

153. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 153 are denied.

154. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 154 are denied.

155. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 155 are denied.

156. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 156 are denied.

157. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 157 are denied.

158. The allegations in Paragraph 158 of the Amended Complaint are admitted.

159. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 159 are denied.

160. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 160 are denied.

161. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 161 are denied.

162. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's

witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 162 are denied.

163. The allegations in Paragraph 163 of the Amended Complaint are denied.

164. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 164 are denied.

165. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 165 are denied.

166. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 166 are denied.

167. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 167 are denied.

168. Regarding the allegations in Paragraph 168 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Further, Defendants assert that the Bradley County

Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 168 are denied.

169. The allegations in Paragraph 169 of the Amended Complaint are denied.

170. Regarding the allegations in Paragraph 170 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Further, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 170 are denied.

171. Regarding the allegations in Paragraph 171 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Further, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 171 are denied.

172. Regarding the allegations in Paragraph 172 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Further, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 172 are denied.

173. Regarding the allegations in Paragraph 173 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Further, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 173 are denied.

174. Regarding the allegations in Paragraph 174 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Further, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 174 are denied.

175. Regarding the allegations in Paragraph 175 of the Amended Complaint, Defendants admit that any previous testimony or statements of Ms. Leslie Faye Watson speak for themselves and should be considered in their entirety. Further, Defendants assert that the Bradley County Sheriff's Office case file regarding this matter speaks for itself and should be considered in its entirety. Any remaining allegations or assertions of Paragraph 175 are denied.

176. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 176 are denied.

177. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 177 are denied.

178. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 178 are denied.

179. It is specifically denied that the Defendants' investigation was "flawed." Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 179 are denied.

180. It is specifically denied that the Defendants' exhibited "tunnel-vision focus" during the investigation. Defendants assert that the Bradley County Sheriff's Office case file and testimony of the State's witnesses at the trial of this matter speak for themselves and should be considered in their entirety. Any remaining allegations or assertions of Paragraph 180 are denied.

181. It is admitted that Plaintiff was arrested and indicted for the rape and robbery of Leslie Faye Watson. Any remaining allegations or assertions of Paragraph 181 are denied.

182. Regarding the allegations in Paragraph 182, it is asserted that the criminal history of Plaintiff prior to his arrest speaks for itself. Any remaining allegations or assertions of Paragraph 182 are denied.

183. The allegations in Paragraph 183 of the Amended Complaint are admitted.

184. Regarding the allegations in Paragraph 184, it is admitted that Plaintiff was convicted by a jury at trial and sentenced to 76 years in prison. Any remaining allegations or assertions of Paragraph 184 are denied.

185. Defendants lack information or knowledge as to the subjective feelings of Plaintiff as alleged in Paragraph 185 of the Amended Complaint and for purposes of this Answer said allegations are denied.

186. Regarding the allegations in Paragraph 186, it is admitted that Plaintiff was incarcerated from his arrest in November of 1993 until the granting of his Petition for Post Conviction Relief. Any remaining allegations or assertions of Paragraph 186 are denied.

187. The allegations in Paragraph 187 of the Amended Complaint are admitted.

188. The allegations in Paragraph 188 of the Amended Complaint are denied as stated.

189. The allegations in Paragraph 189 of the Amended Complaint are admitted.

190. Defendants lack information or knowledge as to Plaintiff's prison experience as alleged in Paragraph 190 of the Amended Complaint and for purposes of this Answer said allegations are denied.

191. Defendants lack information or knowledge as to Plaintiff's prison experience as alleged in Paragraph 191 of the Amended Complaint and for purposes of this Answer said allegations are denied.

192. Defendants lack information or knowledge as to Plaintiff's prison experience as alleged in Paragraph 192 of the Amended Complaint and for purposes of this Answer said allegations are denied.

193. Defendants lack information or knowledge as to Plaintiff's prison experience as alleged in Paragraph 193 of the Amended Complaint and for purposes of this Answer said allegations are denied.

194. Regarding the allegations in Paragraph 194, it is admitted that Plaintiff was incarcerated from his arrest in November of 1993 until the granting of his Petition for Post Conviction Relief. Any remaining allegations or assertions of Paragraph 194 are denied.

195. Regarding the allegations in Paragraph 195, it is admitted that Plaintiff was incarcerated from his arrest in November of 1993 until the granting of his Petition for Post Conviction Relief. Any remaining allegations or assertions of Paragraph 195 are denied.

196. Regarding the allegations in Paragraph 196, it is admitted that Plaintiff was incarcerated from his arrest in November of 1993 until the granting of his Petition for Post Conviction Relief. Any remaining allegations or assertions of Paragraph 196 are denied.

197. The allegations in Paragraph 197 of the Amended Complaint are denied.

198. Regarding the allegations in Paragraph 198 of the Amended Complaint, Defendants re-incorporate and allege as if fully stated herein their answers to Paragraphs 1 through 197 of the Amended Complaint.

199. Regarding the allegations in Paragraph 199 of the Amended Complaint, it is admitted that Defendants Benefield, Burtt and Gilley were acting in their capacity as employees and Gilley as the duly elected Sheriff of Bradley County in investigated crimes occurring in Bradley County in 1993. Any remaining allegations or assertions of Paragraph 199 are denied.

200. The allegations in Paragraph 200 of the Amended Complaint are denied.

201. The allegations in Paragraph 201 of the Amended Complaint are denied.

202. The allegations in Paragraph 202 of the Amended Complaint are denied.

203. The allegations in Paragraph 203 of the Amended Complaint are denied.

204. Regarding the allegations in Paragraph 204 of the Amended Complaint, Defendants re-incorporate and allege as if fully stated herein their answers to Paragraphs 1 through 203 of the Amended Complaint.

205. Regarding the allegations in Paragraph 205 of the Amended Complaint, it is admitted that Defendants Benefield, Burtt and Gilley were acting in their capacity as employees and Gilley as the duly elected Sheriff of Bradley County in investigating crimes occurring in Bradley County in 1993. Any remaining allegations or assertions of Paragraph 205 are denied.

206. The allegations in Paragraph 206 of the Amended Complaint are denied.

207. The allegations in Paragraph 207 of the Amended Complaint are denied.

208. The allegations in Paragraph 208 of the Amended Complaint are denied.

209. The allegations in Paragraph 209 of the Amended Complaint are denied.

210. Regarding the allegations in Paragraph 210 of the Amended Complaint, Defendants re-incorporate and allege as if fully stated herein their answers to Paragraphs 1 through 209 of the Amended Complaint.

211. The allegations in Paragraph 211 of the Amended Complaint are denied.

212. The allegations in Paragraph 212 of the Amended Complaint are denied.

213. The allegations in Paragraph 213 of the Amended Complaint are denied.

214. Regarding the allegations in Paragraph 214 of the Amended Complaint, Defendants re-incorporate and allege as if fully stated herein their answers to Paragraphs 1 through 213 of the Amended Complaint.

215. The allegations in Paragraph 215 of the Amended Complaint are denied.

216. The allegations in Paragraph 216 of the Amended Complaint are denied.

217. The allegations in Paragraph 217 of the Amended Complaint are denied.

218. Regarding the allegations in Paragraph 218 of the Amended Complaint, Defendants re-incorporate and allege as if fully stated herein their answers to Paragraphs 1 through 217 of the Amended Complaint.

219. The allegations in Paragraph 219 of the Amended Complaint are denied.

220. The allegations in Paragraph 220 of the Amended Complaint are denied.

221. The allegations in Paragraph 221 of the Amended Complaint are denied.

222. The allegations in Paragraph 222 of the Amended Complaint are denied.

223. The allegations in Paragraph 223 of the Amended Complaint are denied.

224. The allegations in Paragraph 224 of the Amended Complaint are denied.

225. The allegations in Paragraph 225 of the Amended Complaint are denied.

226. Regarding the allegations in Paragraph 226 of the Amended Complaint, Defendants re-incorporate and allege as if fully stated herein their answers to Paragraphs 1 through 225 of the Amended Complaint.

227. The allegations in Paragraph 227 of the Amended Complaint are denied.

228. The allegations in Paragraph 228 of the Amended Complaint are denied.

229. The allegations in Paragraph 229 of the Amended Complaint are denied.

230. The allegations in Paragraph 230 of the Amended Complaint are denied.

231. Regarding the allegations in Paragraph 231 of the Amended Complaint, Defendants re-incorporate and allege as if fully stated herein their answers to Paragraphs 1 through 230 of the Amended Complaint.

232. Regarding the allegations of Paragraph 232, it is admitted that Defendant Daniel Gilley was the duly elected Bradley County Sheriff at the time of the Plaintiff's arrest, indictment and conviction and that he was subject to the statutory duties and responsibilities of a duly elected Sheriff during the times he held said office. Any remaining allegations or assertions in Paragraph 232 of the Amended Complaint are denied.

233. Regarding the allegations of Paragraph 233, it is admitted that Defendant Daniel Gilley was the duly elected Bradley County Sheriff at the time of the Plaintiff's arrest, indictment and conviction and that he was subject to the statutory duties and responsibilities of a duly elected Sheriff during the times he held said office. Any remaining allegations or assertions in Paragraph 233 of the Amended Complaint are denied.

234. The allegations in Paragraph 234 of the Amended Complaint are denied.

235. The allegations in Paragraph 235 of the Amended Complaint are denied.

236. Regarding the allegations in Paragraph 236 of the Amended Complaint, Defendants re-incorporate and allege as if fully stated herein their answers to Paragraphs 1 through 235 of the Amended Complaint.

237. The allegations in Paragraph 237 of the Amended Complaint are denied.

238. The allegations in Paragraph 238 of the Amended Complaint are denied.

239. The allegations in Paragraph 239 of the Amended Complaint are denied.

240. The allegations in Paragraph 240 of the Amended Complaint are denied.

241. The allegations in Paragraph 241 of the Amended Complaint are denied.

242. Regarding the allegations in Paragraph 242 of the Amended Complaint, Defendants re-incorporates and alleges as if fully stated herein their answers to Paragraphs 1 through 241 of the Amended Complaint.

243. Regarding the allegations in Paragraph 243 of the Amended Complaint, it is admitted that Defendants Benefield, Burtt and Gilley were acting in their capacity as employees and Gilley as the duly elected Sheriff of Bradley County in investigating crimes occurring in Bradley County in 1993. Any remaining allegations or assertions of Paragraph 205 are denied.

244. The allegations in Paragraph 244 of the Amended Complaint are denied.

245. The allegations in Paragraph 245 of the Amended Complaint are denied.

246. Regarding the allegations in Paragraph 246 of the Amended Complaint, Defendants re-incorporate and allege as if fully stated herein their answers to Paragraphs 1 through 245 of the Amended Complaint.

247. The allegations in Paragraph 247 of the Amended Complaint are denied.

248. The allegations in Paragraph 248 of the Amended Complaint are denied.

249. The allegations in Paragraph 249 of the Amended Complaint are denied.

250. Regarding the Prayer for Relief, Defendants deny that Plaintiff is entitled to the relief sought, or any relief.

251. Any and all allegations not herein admitted or denied are hereby denied.

## FIRST DEFENSE

Some or all of Plaintiff's claims and causes of action set forth in his Amended Complaint are barred by the applicable statute of limitations to the same.

## SECOND DEFENSE

Defendants plead and rely upon the defense of qualified immunity in all respects and as to all claims made in this case. Defendants were acting within their discretionary authority and their conduct did not violate clearly established rights of which a reasonable person would have known. Accordingly, Plaintiff is not entitled to the relief prayed for in his Amended Complaint.

## THIRD DEFENSE

All or portions of the claims set forth in Plaintiffs' Amended Complaint are barred by all other forms and versions of immunity including good faith immunity, common-law immunity, and sovereign immunity.

## FOURTH DEFENSE

To the extent that Plaintiffs have relied upon vicarious liability for any causes of action based upon 42 U.S.C. § 1983 or other civil rights claims, vicarious liability, including *respondeat superior,* is not applicable to said civil rights causes of action, and any causes of action based upon any form of vicarious liability must be dismissed.

## FIFTH DEFENSE

Defendants deny that their actions, inactions, policies or in any other way were the cause of Plaintiff's claimed damages or the events more fully set forth in Plaintiff's Amended Complaint. Accordingly, Plaintiff is not entitled to the relief prayed for in his Amended Complaint.

## SIXTH DEFENSE

Defendants did not act with deliberate indifference as may be alleged in support of any claim set forth in Plaintiff's First Amended Complaint in violation of Plaintiff's constitutional rights. Plaintiff is therefore not entitled to any recovery from Defendants.

## SEVENTH DEFENSE

Defendants, individually or otherwise, did not violate Plaintiff's constitutional rights in any manner whatsoever and Plaintiff is not entitled to any recovery for the same.

## EIGHTH DEFESE

Plaintiff's Amended Complaint fails to set forth with specificity a policy or custom upon which he relies in support of his claim for recovery for alleged unconstitutional conduct. In that same respect, there was no policy, custom or otherwise in Bradley County, Tennessee that caused or led to the events more fully described in Plaintiff's Amended Complaint or caused or led to the injuries and/or damages claimed by Plaintiff. Defendants did not have or enforce any unconstitutional policies, customs, or practices or act with deliberate indifference related to the same. Plaintiff is therefore not entitled to the relief prayed for in his Amended Complaint.

## NINTH DEFENSE

Defendants are immune from some or all the claims asserted by Plaintiff in his Amended Complaint. Defendants rely upon common law and statutory immunity provisions, including, but not limited to the immunity provisions of the Tennessee Governmental Tort Liability Act Tenn.

Code Ann. § 29-20-201, including, without limitation, the applicable exceptions to removal of immunity under Tenn. Code Ann. § 29-20-205. In this respect, Defendants have and plead immunity for Plaintiff's state law causes of action. In addition, Plaintiff's state law claims are governed by and subject to the limitation of damages of the Tennessee Governmental Tort Liability Act and Defendants specifically plead and rely upon such limitation.

## TENTH DEFENSE

Plaintiff is not entitled to the recovery of punitive damages as Defendants did not act in a manner sufficient to give rise to the same. Punitive damages are not recoverable against a municipality for § 1983 claims. Defendants therefore aver that to the extent punitive damages are claimed in that respect, the same must be denied.

## ELEVENTH DEFENSE

Plaintiff's Amended Complaint makes claims and allegations against other parties for whom these Defendants are not liable or responsible to include but not necessarily be limited to actions taken during Plaintiff's criminal trial and appeals regarding such trial. Plaintiff can therefore have no recovery against these Defendants for the actions of such other parties to include all parties against whom Plaintiff previously filed litigation.

## TWELFTH DEFENSE

Plaintiff was arrested and indicated based on probable cause as determined by a grand jury. Plaintiff can therefore have no recovery for alleged malicious prosecution. Additionally, Defendants did not act with malice or deliberate indifference as it relates to Plaintiff's prosecution. Defendants' actions were reasonable, taken in good faith, and for legitimate purposes and were based on the facts and information known and/or provided to them at the time.

<h3 align="center">THIRTEENTH DEFENSE</h3>

Plaintiff's Amended Complaint fails to state a claim or cause of action upon which relief can be granted and therefore must be dismissed.

<h3 align="center">FOURTEENTH DEFENSE</h3>

Plaintiff complains of procedural deficiencies and other problems with his criminal trial. Defendants did not control such trial and had limited participation in the same. Plaintiff was further represented throughout the criminal prosecution and trial referred to in his Amended Complaint and had opportunity to challenge, investigate, interview witnesses, or take all other actions deemed necessary and/or appropriate regarding the same, including challenging the reliability of evidence through motion practice or otherwise. Plaintiff is therefore estopped and precluded from making complaints relating to his trial, defense actions and activities, and prosecution and further has waived complaints regarding the same.

<h3 align="center">FIFTEENTH DEFENSE</h3>

Defendants deny that they owed and/or breached a duty to Plaintiff or that they proximately caused Plaintiffs claimed damages and injuries as more fully set forth in Plaintiff's Amended Complaint.

<h3 align="center">SIXTEENTH DEFENSE</h3>

After his conviction for the criminal charges referred to in his Amended Complaint, Plaintiff filed a petition for post-conviction relief in which he alleged ineffective assistance of counsel and contended that the inadequacies of his defense counsel led to his conviction. In the same respect, most, if not all, of the Amended Complaints made by Plaintiff in this litigation were known to Plaintiff and his defense counsel prior to the criminal trial that resulted in Plaintiff's conviction. Accordingly, in addition to the already raised defense of comparative fault by Plaintiff,

Defendants raise the comparative fault and negligence of Plaintiff's criminal defense attorneys more fully set forth above and show that the actions and/or inactions of counsel were the approximate cause of Plaintiff's criminal conviction as opposed to any of the Amended Complaint actions or inactions of any other party to this matter.

**WHEREFORE, PREMISES CONSIDERED,** Defendants deny they are liable to Plaintiff for any amount sued for and prays for dismissal of the Amended Complaint with costs of the Amended Complaint taxed to Plaintiff.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By:    */s/ B. Thomas Hickey, Jr.*
B. Thomas Hickey, Jr., BPR #019105
537 Market Street, Suite 203
Chattanooga, TN 37402-1241
P: (423) 756-0262
F: (423) 756-8489
thickey@spicerfirm.com
Attorneys for Defendants Bradley County, Burtt and Gilley

By:    */s/ Crystal Freiberg (by BTHjr w/perm)*
Crystal Freiberg, BPR# 023732
P.O. Box 1167
Cleveland, TN 37323
P: (423) 728-7160
cfreiberg@bradleycountytn.gov
Attorneys for Defendants Bradley County, Burtt and Gilley

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2026, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Joseph Alan Jackson, II
Katelyn Elizabeth Murdock
601 Market Street, Suite 400
Chattanooga, TN 37402
jaj@smrw.com
kem@smrw.com

David Lebowitz
Alanna Kaufman
18 E. 48th Street
Suite 802
New York, NY 10017
dlebowitz@kllflaw.com
akaufman@kllflaw.com

By:     /s/ B. Thomas Hickey, Jr.
          B. Thomas Hickey, Jr.