|  |  |
|---|---|
| SAMUEL SCOTT MINTON,<br><br>             Plaintiff,<br><br>  -against-<br><br>BRADLEY COUNTY, TENNESSEE; TRAVIS HENRY, ESQ., as Administrator *ad litem* of the Estate of Anthony Benefield; WILLIAM BURTT; and DANIEL GILLEY,<br><br>             Defendants. | No. 1:25-cv-00367-TRM-MJD<br><br><br>**JOINT REPORT OF DISCOVERY PLANNING MEETING PURSUANT TO RULE 26(f)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

Come Plaintiff Samuel Scott Minton and Defendants, Bradley County, Tennessee ("Bradley County"), Travis Henry, Esq., as Administrator *ad litem* of the Estate of Anthony Benefield ("Benefield Estate"), William Burtt, and Dan Gilley (collectively, "Defendants") (collectively, the "Parties"), through counsel, and, pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure and the Court's Order of March 30, 2026 (ECF No. 36) setting a telephonic scheduling conference in this action for May 5, 2026, respectfully submit this joint report of their Rule 26(f) conference, conducted on April 24, 2026:

I.    **Case Summary**

   a.   **Jurisdiction**

The Court has subject matter jurisdiction of this case under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a).

   b.   **Factual Statement, Relevant Procedural History, and Alleged Damages**

### i. **Plaintiff's Statement**

In this civil rights action, Plaintiff Samuel Scott Minton alleges that he was wrongfully prosecuted, convicted, and incarcerated for 31 years due to the acts and omissions of Defendants, who were employed in the Bradley County Sheriff's Office when Plaintiff was investigated and arrested for rape and armed burglary in the fall of 1993. (*See generally* Am. Compl. & Jury Demand (ECF No. 32), ¶¶ 1-11.) Mr. Minton, who is intellectually disabled and was 20 years old at the time, was innocent of these crimes. *Id.* ¶¶ 2-5. Although Plaintiff's alibi was corroborated by eighteen witnesses and time-stamped receipts placing him an hour away from the crime scene, Defendants focused their investigation on him despite the absence of any physical evidence connecting him to the crime and strong reasons to doubt the account of the alleged victim. *Id.* ¶¶ 38-74, 148-180. Defendants used suggestive techniques to prompt the alleged victim to implicate Mr. Minton and his co-defendants, *id.* ¶¶ 112-147, and overbore his will so as to coerce him to adopt a confession of Defendants' own devising that falsely inculpated him in the alleged crime, *id.* ¶¶ 75-111. As a result, Mr. Minton was wrongfully convicted and spent over 31 years in prison before the Criminal Court of Bradley County granted his petition for post-conviction relief on the ground that newly discovered evidence clearly and convincingly established his actual innocence. *Id.* ¶¶ 186-189.

In particular, Plaintiff alleges that Defendants fabricated evidence against him in violation of his rights under the Fourth and Fourteenth Amendments, including by using suggestive identification procedures and by supplying Plaintiff with investigative details to burnish the credibility of his false and coerced confession, Am. Compl. ¶¶ 198-209, 214-217; violated his right against self-incrimination under the Fifth Amendment by coercing him to confess to a crime of which he was completely innocent, *id.* ¶¶ 214-217; (3)

2

maliciously prosecuted him in violation of his Fourth Amendment rights and Tennessee common law, *id.* ¶¶ 218-225, 236-241; and (4) failed to intervene to prevent the violation of his constitutional rights by their fellow officers, *id.* ¶¶ 226-230. Plaintiff also alleges that Bradley County is liable for the constitutional violations of Defendant Gilley, the elected Sheriff of Bradley County at the time of the underlying events and a final policymaker for the County with respect to law enforcement under *Pembaur v. City of Cincinatti*, 475 U.S. 469 (1986), *id.* ¶¶ 231-235; and for the negligence and wrongdoing of its officers under state law, *id.* ¶¶ 242-249.

Mr. Minton seeks compensatory damages for loss of liberty, lost earnings and emotional distress resulting from his wrongful conviction and imprisonment. *See* Am. Compl. ¶¶ 190-197. He further seeks punitive damages, pre-judgment interest, and an award reasonable attorneys' fees and costs. *Id.* at 37 (Prayer for Relief).

### ii.  Defendants' Statement

Defendants filed their Answer [Doc. 37] to Plaintiff's First Amended Complaint on April 9, 2026.  In so doing, Defendants denied the material allegations against them within the First Amended Complaint.  Regarding Plaintiff's allegations, Defendants deny that they acted in a manner that caused Plaintiff any type of constitutional deprivation or injury.  Defendants further deny that they fabricated evidence, engaged in coercion, or engaged in any other wrongful conduct as alleged in this matter to the extent that Plaintiff is not entitled to any recovery from them in this case.

Plaintiff was afforded a trial by a jury and was convicted by a jury and sentenced to prison for the crimes he was found to have committed.  Additionally, there was eyewitness testimony by the victim specifically identifying Plaintiff as the person who

3

committed the crimes for which he was incarcerated. Plaintiff furthermore confessed to the commission of the crimes.

Furthermore, the individuals investigating this matter were properly trained and certified to work as police officers and there were no policies, practices, customs, or procedures in Bradley County that caused any constitutional deprivation as claimed in this litigation. As such, Defendants deny that Plaintiff is entitled to any recovery in this matter.

### c. **Pending Motions**

There are no pending motions, although, as discussed below, the Parties anticipate moving for an appropriate protective order.

## II. **Federal Rule of Civil Procedure 26(f)(3) Discovery Plan Information and Proposals**

### a. **Requested Changes to Rule 26(a) Requirements (Fed. R. Civ. P. 26(f)(3)(A))**

None.

### b. **Subjects on Which Discovery May Be Needed and Discovery Cut-Off Date (Fed. R. Civ. P. 26(f)(3)(B))**

Discovery will be required as to the issues raised in the Amended Complaint and Answer. The parties believe that they will need a period of approximately fifteen (15) months for discovery commencing as of the date of the scheduling conference. The parties request that the Court set a deadline for affirmative expert disclosures that is approximately twelve (12) months from the scheduling conference, with corresponding deadlines for rebuttal disclosures and expert depositions thereafter, so that the parties can make informed decisions about appropriate expert witness retentions. The parties believe that these deadlines are realistic, reasonable and appropriate in light of the factual

complexity of the case and discovery challenges that are expected to result from the considerable time that has elapsed since the underlying events occurred.

### c. **Disclosure or Discovery of Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))**

The Parties have discussed the need to preserve electronically stored information ("ESI") and have either taken steps to preserve ESI that is likely to be relevant or alerted those persons most likely to have relevant information of the need to preserve it. The parties do not currently anticipate that the scope, cost, or time required for the disclosure or production of ESI will be beyond what is reasonably available to the parties in the ordinary course of business. Except as set forth therein, the discovery of ESI should proceed in accordance with the Federal Rules of Civil Procedure.

### d. **Issues Concerning Privilege and Protection (Fed. R. Civ. P. 26(f)(3)(D))**

The Parties have agreed that Federal Rule of Civil Procedure 26(b)(5)(A) shall apply to claims of privilege. The Parties agree that an order protecting personal health information and other sensitive confidential information is necessary. The Parties anticipate filing an agreed protective order governing the production of such confidential documents and information. The Parties agree that the inadvertent production of attorney-client privileged materials, work product privileged materials, or trial preparation materials shall not constitute a waiver of those protections. If a party inadvertently produces such protected information, the Parties will follow the procedure set out in Federal Rule of Civil Procedure 26(b)(5)(B).

### e. **Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))**

Except as otherwise discussed herein, the Parties are not presently aware of any other necessary limitations on discovery.

### f.  Other Orders (Fed. R. Civ. P. 26(f)(3)(F))

As noted above, the Parties anticipate requesting entry of an agreed protective order addressing the discovery, treatment, and handling of confidential and proprietary information—including materials subject to privacy protections under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 United States Code section 1320d, *et seq.*—and the Parties agree to confer as to the drafting and joint submission of same.

### III.  Rule 26(a)(1) Initial Disclosures

Pursuant to Rule 26(a)(1)(C), The Parties agree to make their initial disclosures pursuant to Rule 26(a)(1) on or before May 8, 2026, in accordance with Rule 26(a)(1)(C).

### IV.  *Daubert* and Rule 56 Dispositive Motions

The Parties propose that the deadlines for *Daubert* and dispositive motions under Rule 56 should be approximately four (4) months following the deadline for rebuttal expert disclosures.

### V.  Settlement

The Parties agree to explore settlement either via settlement conference or private mediation, but the likelihood of successful settlement is currently unknown.

### VI.  Length of Trial

The Parties agree that a trial is likely to require approximately three weeks.

Dated:  May 1, 2026.                              Respectfully submitted,

By:  /s/ David Lebowitz
David Lebowitz (admitted *pro hac vice*)
Alanna Kaufman (admitted *pro hac vice*)
Alyssa Isidoridy (application for admission *pro hac vice* pending)

6

KAUFMAN LIEB LEBOWITZ & FRICK LLP
18 E. 48th Street, Suite 802
New York, New York 10017
Telephone: (212) 660-2332
dlebowitz@kllflaw.com
akaufman@kllflaw.com
aisidoridy@kllflaw.com


By: /s/ Joseph Alan Jackson II
Joseph Alan Jackson II, BPR No. 030203
Katelyn Elizabeth Murdock, BPR No. 042409
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
P. O. Box 1749
601 Market Street, Suite 400
Chattanooga, Tennessee 37402
Telephone: (423) 756-7000
Facsimile: (423) 756-4801
jaj@smrw.com
kem@smrw.com
*Counsel for Samuel Scott Minton*


By: /s/ B. Thomas Hickey
B. Thomas Hickey, Jr., BPR No. 019105
SPICER RUDSTROM PLLC
537 Market Street, Suite 203
Chattanooga, TN 37402-1241
Telephone: (423) 756-0262
Facsimile: (423) 756-8489
thickey@spicerfirm.com


By: /s/Crystal Freiberg, by B. Thomas Hickey with
permission
Crystal Freiberg, BPR No. 023732
County Attorney for Bradley County, Tennessee
P.O. Box 1167
Cleveland, TN 37323
Telephone: (423) 728-7160
cfreiberg@bradleycountytn.gov


*Counsel for Defendants Bradley County, Tennessee, Travis Henry, Esq., as Administrator ad litem of the Estate of Anthony Benefield, William Burtt, and Daniel Gilley*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: /s/ David Lebowitz

8