# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION AT CHATTANOOGA

SAMUEL SCOTT MINTON,

              Plaintiff,

    -against-

BRADLEY COUNTY, TENNESSEE; TRAVIS HENRY, ESQ., as Administrator *ad litem* of the Estate of Anthony Benefield; WILLIAM BURTT; and DANIEL GILLEY,

              Defendants.

Jury Demanded

No. 1:25-cv-00367-TRM-MJD

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and in accordance with Local Rule 26.2 of the U.S. District Court for the Eastern District of Tennessee, it is stipulated and ordered as follows:

1.    This Confidentiality and Protective Order ("Confidentiality Order") shall govern the handling of Confidential Discovery Material, as defined below, produced by any party or non-party in this litigation.

2.    The following definitions shall apply to this Confidentiality Order:

    a.  "Parties" shall mean and refer to the Plaintiff and Defendants;

    b.  "Qualified Person(s)" shall mean and refer to:

      i.  Counsel of record for each party and employees of counsel who assist in the conduct of this litigation, including employees of any firm retained to reproduce Confidential Discovery Material;

ii. Experts or consultants retained by counsel for the purpose of providing expert testimony or expert assistance in this litigation;

iii. The individual parties and employees of the county defendant engaged in assisting in the preparation of this action for trial or other proceeding herein who have been advised of their obligations hereunder;

iv. Fact witnesses, and their counsel, but only during their testimony by deposition or in trial or to the extent reasonably necessary to prepare them for such testimony;

v. Court reporters and persons preparing transcripts of depositions;

vi. The Court and Court personnel;

vii. Any mediators whether appointed by the Court or selected by counsel for the parties; and

viii. Other persons upon order of the Court, or written agreement by the person or entity that produced or disclosed the Confidential Discovery Material.

c. "Documents" shall mean "documents" as defined by Rule 34 of the *Federal Rules of Civil Procedure* and shall include electronically stored information.

d. "Confidential Discovery Material" shall mean and refer to documents, or parts thereof, which contain or disclose non-public personal, medical, financial, or commercial information, the disclosure of which is either restricted by law or would likely, in the good-faith opinion of the

2

producing person, seriously harm the producing person's medical, business, financial, or personal interests or cause the producing person to violate his, her or its privacy or confidentiality obligations to others. Confidential Discovery Material shall also include transcripts, notes, summaries of depositions, or parts thereof, and/or responses to requests for admissions or interrogatories in which Confidential Discovery Material is discussed or disclosed.

3. Any party or non-party producing Confidential Discovery Material must designate such discovery material as Confidential, by marking it "Confidential" in bold or conspicuous lettering. Prior to marking any discovery material Confidential, counsel for the producing party or non-party must make a good-faith determination that the material contains Confidential Discovery Material.

4. Confidential Discovery Material shall be used solely for purposes of the prosecution and/or defense of this action and shall be disclosed only to Qualified Persons, except as provided by court order or by written agreement of counsel for the party that disclosed the material. Any party or non-party seeking to use Confidential Discovery Material for another purpose or seeking to disclose Confidential Discovery Material to non-Qualified Persons must file a motion with the Court seeking relief from these provisions or obtain written permission from counsel for the party that disclosed the material.

5. Before disclosing any Confidential Discovery Material to any Qualified Person other than those identified in paragraph 2(b)(i), 2(b)(iii), and 2(b)(vii), counsel shall advise each such individual of the terms of this Confidentiality Order and provide the individual with a copy of this Confidentiality Order.

6. Any portion of a deposition that contains or refers to Confidential Discovery Material may within twenty-one (21) days of receipt of the final deposition transcript be marked Confidential, and shall, thereafter, be placed in a separate portion of the transcript and will be subject to the procedures set forth in this Confidentiality Order. The transcript will be treated as Confidential Discovery Material during the twenty-one (21) day review period unless the parties agree otherwise.

7. Whenever Confidential Discovery Material is discussed or disclosed in a deposition, any counsel of record may exclude from the room any person who is not a Qualified Person.

8. Any document, testimony, or information that may contain Confidential Information, which has been inadvertently produced without identification as to its "confidential" nature as provided in paragraph 3 of this Protective Order, may be so designated by the producing party by written notice to the undersigned counsel for the receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document, testimony, or information has been produced without such designation.

9. In the event the nonproducing party seeks to file Confidential Discovery Material with the Court, that party will advise the party which produced the discovery documents in question sufficiently in advance of the intended filing to give the producing party an opportunity to seek a court order which requires filing those documents under seal. The party designating such information as Confidential Discovery Material will have the burden of persuasion on any motion to file Confidential Discovery Material under seal. The parties agree that they will work together in good faith to determine if information may be redacted or a confidential designation be removed or narrowed so as

4

to avoid the necessity of filing a motion to receive documents or information under seal. The parties further agree to comply with the procedures set forth in Local Rule 26.2(b) of the U.S. District Court for the Eastern District of Tennessee, Rule 12.2 of the Electronic Case Filing Rules and Procedures of the U.S. District Court for the Eastern District of Tennessee, and the Memorandum and Order Regarding Sealing Confidential Information entered by the Court on December 10, 2025 (ECF No. 5), which set forth procedures related to filing documents under seal.

10. Pursuant to the requirements of Fed. R. Civ. P. 26(c), as explained by the Sixth Circuit in *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without the Court's prior permission as to each such document, upon motion and for good cause shown, including the legal basis for filing under seal. The parties understand and agree that the Court's discretion to issue protective orders is limited by Rule 26(c) and by a "'long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co.*, 78 F.3d at 227 (internal quotation marks omitted). The party seeking to file any document under seal must "'articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements.'" *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). The Court will review any motion to file any documents under seal and determine specific findings of harm, balance the public's interest in disclosure against the parties' interests, and tailor any order allowing for the sealing of any of the record narrowly. This Agreed Protective Order does not authorize filing under seal.

11. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This

Confidentiality Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Confidentiality Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Confidentiality Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents. Furthermore, this Order does not prohibit actions taken in compliance with the Tennessee Open Records Act.

12. Upon a request from a party, the Court shall establish, if warranted, procedures for the use of Confidential Discovery Material at a hearing or trial.

13. If any party objects to the designation of any discovery material as confidential, the objecting and the designating party shall contact the Court in accordance with local rules or preferences for a determination of whether the challenged designation is appropriate. The challenging party shall provide the Court with one copy of each document, response, or portion of transcript challenged. The designating party has the burden of proving the applicability and/or correctness of any designation. Until the Court has made its determination, the parties shall treat the challenged discovery material as confidential.

14. The termination of this action shall not relieve Qualified Persons from the obligation of maintaining the confidentiality of all Confidential Discovery Material produced and designated pursuant to this Confidentiality Order, unless the Court orders or permits otherwise. Within 120 days of the final termination of this action and subject to the following exception, each Qualified Person who has received Confidential Discovery Material shall destroy, or arrange for counsel to destroy, such discovery materials and

6

shall certify that all confidential documents in their possession have been destroyed, including copies. Notwithstanding the foregoing, all counsel of record for any party may maintain such Confidential Discovery Material as may be necessary to retain complete records that may relate to any potential future claims by a party against such counsel of record for such time period as is warranted under any relevant statute of limitations and/or pursuant to counsel's document retention system so long as the materials are maintained in confidence during any such period. Subject to that exception, all protected Confidential Discovery Materials which have been placed in any computer database, hard drive, or disk shall be completely erased, and any documents listing or summarizing information protected by this Confidentiality Order shall be destroyed within the same period. Qualified Persons shall not be required to return or destroy any documents containing any work product or any documents otherwise filed with the Court provided any such documents continue to be maintained in accordance with this Confidentiality Order.

15. In the event additional persons or entities become a party to this litigation, these parties shall be subject to this Confidentiality Order.

16. Nothing in this Agreement shall preclude any party from seeking from the Court an Order binding third parties to abide by this Confidentiality Order.

**SO ORDERED** on this the ___ day of _____, 2026.

_____
TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE